**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **PHILLIPS 66 COMPANY,** | |
| Plaintiff, | |
| v. | Civil Action No. 7:13-CV-63 (HL) |
| **GISH OIL COMPANY, *et al.*,** | |
| Defendants. | |

**ORDER**

Before the Court is the Motion for Summary Judgment (Doc. 17) by Plaintiff Phillips 66 Company ("Phillips 66"), which has already been granted except with regard to Phillips 66's claim for attorney fees.[1] The Court now grants summary judgment in Phillips 66's favor on the claim for attorney fees, although a specific award for attorney fees and costs will not be entered until Phillips 66 provides additional information.

"Generally an award of attorney fees is not available unless supported by statute or contract." Abrams v. Putney, 304 Ga. App. 626, 629 (2010) (quoting Padilla v. Padilla, 282 Ga. 273, 274 (2007)). Phillips 66 contends that the New Construction Incentive Program Agreement ("NCIP Agreement"), its contract with

---

[1] The Court previously determined that Defendant Gish Oil Company breached its contract with Phillips 66 and that Defendant Helen Gish, individually and in her capacity as Executor for the Estate of Raymon Gish, is also liable to pay the damages from the breach because she and Raymon Gish are guarantors for Gish Oil Company's indebtedness to Phillips 66.

Gish Oil Company ("Gish Oil"), entitles it to attorney fees,[2] citing the following provision:

> You agree to defend, indemnify, and save harmless, Phillips, its subsidiaries, or its (their) employees, agents, servants, parent, affiliates or subsidiaries, from and against any and all claims, losses, liabilities, causes of action, costs and expenses (including attorney's fees) of whatsoever nature arising, directly or indirectly, out of this contract and/or the conduct of the parties to this letter agreement.

(NCIP Agreement, Doc. 18-1, ¶9).

On its face, this contract provision requires Gish Oil to indemnify Phillips 66 for "causes of action, costs and expenses (including attorney's fees) of whatsoever nature arising … out of this contract and/or the conduct of the parties to this letter agreement." Georgia courts define "indemnify" as "to reimburse another for a loss suffered because of a third party's own or one's own act or default." Lloyd's Syndicate No. 5820 v. AGCO Corp., 294 Ga. 805, 811 (2014) (citing cases) (internal quotation and citation omitted). Both indemnity agreements and agreements providing for an award of attorney fees are subject to the ordinary rules of contract interpretation. See Travelers Cas. & Sur. Co. of Am. v. Winmark Homes, Inc., 518 F. App'x 899, 902 (11th Cir. 2013) (indemnity agreements); Benchmark Builders, Inc. v. Schultz, 315 Ga. App. 64, 65 (2012)

---

[2] Phillips 66 also claims that it is entitled to attorney fees under O.C.G.A. § 13-6-11 because Defendants have engaged in bad faith by contesting this litigation. However, Phillips 66 is no longer seeking summary judgment under this theory.

(contractual provisions). Applying these rules to the NCIP Agreement, the Court finds that Gish Oil agreed to reimburse Phillips 66 for any attorney fees it expended with regard to the contract or because of Gish Oil's conduct.

The Court is not persuaded by Defendants' argument that the NCIP Agreement should be treated as a "note or other evidence of indebtedness," thus subjecting the provision for attorney fees to the requirements of O.C.G.A § 13-1-11. Among other things, that statute places a cap on attorney fees and requires that the debtor be given notice and an opportunity to pay his debt without tacking on the additional burden of attorney fees. RadioShack Corp. v. Cascade Crossing II, LLC, 282 Ga. 841, 845 (2007) (quoting General Elec. Credit Corp. of Ga. v. Brooks, 242 Ga. 109, 114 (1978)). However, the statute only applies to "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness." O.C.G.A. § 13-1-11(a); see also RadioShack, 282 Ga. at 842. The Georgia Court of Appeals has held that an indemnity agreement for attorney fees in a contract concerning a surety bond does not fall within the parameters of O.C.G.A. § 13-1-11. United Rentals Sys., Inc. v. Safeco Ins. Co., 156 Ga. App. 63, 67 (1980). Georgia courts have also held that the provisions of O.C.G.A. § 13-1-11 were inapplicable to a contract between a homebuilder and his clients that contained a provision for awarding attorney fees to the prevailing party if a

lawsuit ensued. Schultz, 315 Ga. App. at 64-65 (quoting Benchmark Builders, Inc. v. Schultz, 289 Ga. 329, 330-31 (2011)).

Even if the United Rentals and Schultz opinions do not control the outcome of this case, the Court fails to see how the NCIP Agreement could be defined as "other evidence of indebtedness." It clearly is not a note. The Georgia Supreme Court has expressly held "that the term 'evidence of indebtedness,' as used in O.C.G.A. § 13-1-11, has reference to any printed or written instrument, signed or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money." RadioShack, 282 Ga. at 846 (internal quotation and citation omitted). Nothing on the face of the NCIP Agreement obligated Gish Oil to pay money to Phillips 66. The provision for Gish Oil to reimburse Phillips 66 for the incentive payments was only triggered if the parties failed to meet certain conditions, and even then, the reimbursements were prorated to the contract year in which the condition was not met. Whether Gish Oil owed money to Phillips 66 would have to be determined by looking beyond the four corners of the contract. Thus, the NCIP Agreement does not fall within the parameters of O.C.G.A. § 13-1-11.

Nevertheless, Phillips 66 must still show the reasonableness of its attorney fees. Abrams, 304 Ga. App. at 629 (quoting Doe v. HGI Realty, 254 Ga. App. 181, 184 (2007)). Phillips 66 has submitted a declaration from one its attorneys

claiming that it is entitled to $61,306.25 in attorney fees.[3] The declaration provides the names of the attorneys and paralegal who have worked on this case, along with their respective hourly rates and years of experience. The declaration also generally describes the tasks these individuals have performed. However, there is no information about who performed which task or how much time was expended in performing each task. "A determination of the amount of an award of attorney fees cannot be based on guesswork." S. Cellular Telecom v. Banks, 209 Ga. App. 401, 402 (1993). Phillips 66 has not provided sufficient information for the Court to determine the "reasonable value of the professional services which underlie the claim for attorney fees." Id. The same problem colors its claim to be reimbursed the costs of this action.

Thus, Phillips 66 is ordered to provide further information concerning its attorney fees and costs in this lawsuit. The costs are to be itemized, so that the Court may determine what precisely Phillips 66 is asking to be reimbursed for and in what amount. Furthermore, Phillips 66 must describe the services of its counsel in sufficient detail to allow the Court to decide if the services were reasonably necessary for this action; state which attorney provided the services; give the exact amount of time spent in performing the task; and list the billing rate

---

[3] Phillips 66 informs the Court that its attorneys were retained under "a tiered contingency fee arrangement." (Phillips 66's Supplemental Brief, Doc. 42, p. 4 n. 2). However, the Court is not bound by Phillips 66's contingency fee agreement, S. Cellular Telecom v. Banks, 209 Ga. App. 401, 402 (1993) (citing cases), and Phillips 66 is only asking for the reasonable value of its attorneys' services.

and years of experience for each attorney or paralegal, assuming the paralegal was performing legal work. *See* id. at 401-02; M.I.T., Inc. v. Medcare Express, No. CV 114-081, 2014 WL 5149150, at *3-5 (S.D. Ga. Oct. 14, 2014). Phillips 66 is ordered to provide this information not later than December 15, 2014.

**SO ORDERED**, this the 24th day of November, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

scr