# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **PHILLIPS 66 COMPANY,**<br><br>    Plaintiff,<br><br>v.<br><br>**GISH OIL COMPANY, RAYMON GISH, and HELEN GISH**,<br><br>    Defendants. | Civil Action No. 7:13-CV-63 (HL) |

## ORDER

The only issue remaining in this case is the calculation of the monetary award for Plaintiff Phillips 66 Company ("Plaintiff"). The Court has already granted summary judgment to Plaintiff on its claim for breach of contract and determined that it is entitled to attorney fees and costs. Plaintiff has now supplemented the information it is providing in support of its request for attorney fees and costs. Thus, Plaintiff's Motion for Summary Judgment (Doc. 17) is granted, and final judgment can be entered.[1]

**I.    Actual Damages**

As indicated in a previous Order (Doc. 41), Plaintiff is entitled to $121,510.45 plus interest in actual damages. Because the New Construction

---

[1] Apart from denying that the agreement between the parties entitles Plaintiff to attorney fees and costs at all, Defendants have not disputed the factual or legal basis for the specific costs and attorney fees that Plaintiff requests.

Incentive Program Agreement ("NCIP Agreement") that existed between the parties is silent as to the interest that would be charged in the event of a breach, the prejudgment interest rate is set at seven percent under Georgia law. See O.C.G.A. § 7-4-2(a)(1)(A); S. Water Techs., Inc. v. Kile, 224 Ga. App. 717, 720 (1997). Thus, including the interest that has accrued since Defendants' breach on October 30, 2007, Plaintiff is awarded $184,467.05 in actual damages.

## II.  Attorney Fees

Plaintiff is also entitled to an award of reasonable attorney fees under the terms of the NCIP Agreement, although less than the $61,281.25 it has requested. In calculating a reasonable award of attorney fees, courts must use a lodestar approach in which the number of hours reasonably expended on the litigation is multiplied by the reasonable hourly rate. Loos v. Club Paris, LLC, 731 F. Supp. 2d 1324, 1329 (M.D. Fla. 2010). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Gray v. Bostic, 625 F.3d 692, 714 (11th Cir. 2010). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1332 (M.D. Fla. 2002) (quoting ACLU of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999)). The party seeking attorney fees

bears the burden of producing evidence that its requested rate is reasonable, which must usually be something more than an affidavit from the attorney who performed the representation. Loos, 731 F. Supp. 2d at 1329. A court may "rely on its own experience and judgment in determining a reasonable hourly rate." Barnes v. Zaccari, 592 F. A'ppx 859, 870 (11th Cir. 2015).

The Court finds that, with one exception, the hourly rates requested by Plaintiff for those providing its legal representation are reasonable. Because this case was filed in the United States District Court for the Middle District of Georgia, Valdosta Division, this is the relevant legal market for purposes of determining the reasonableness of Plaintiff's requested rates. For three of the attorneys representing Plaintiff,[2] who have anywhere from one to seven years of experience as lawyers, Plaintiff requests an hourly rate of $175. For Darin L. Brooks ("Brooks"), who has been an attorney for eighteen years, Plaintiff asks for an hourly rate of $225. For the paralegals who have performed legal work, Plaintiff asks for a rate of $75 per hour. Plaintiff's local counsel, Michael Burnham, II ("Burnham"), has only practiced law for seven years,[3] but Plaintiff nonetheless asks that it be reimbursed for his work at a rate of $275 per hour. In support of its attorney fees request, Plaintiff has filed a declaration from one of its

---

[2] These attorneys are John G. George, Jr., Don P. Walker, and Brian E. Waters.
[3] During the relevant period, the other attorneys representing Plaintiff have been with the firm Beirne, Maynard & Parsons, L.L.P., which has offices in Texas and New Orleans, Louisiana.

attorneys along with invoices and time entries from the law firms it retained. Based on its familiarity with the prevailing market rate in the Middle District of Georgia, Valdosta Division, for similar services provided by attorneys of comparable skill and experience as Plaintiff's counsel, the Court finds Plaintiff's requested rates to be reasonable except for Burnham's rate. A more reasonable rate for an attorney with seven years of experience would be $175 an hour.

Having established the reasonable hourly rates for the legal work provided to Plaintiff, the Court must multiply these rates by the number of hours that were reasonably expended in this case. Before this can be done, the Court must verify that the work that was performed was reasonably necessary and subtract any time spent on unnecessary work from the total number of hours submitted by Plaintiff. Plaintiff, as the party seeking an award of attorney fees, bears the responsibility of properly documenting the hours it claims. Loos, 731 F. Supp. 2d at 1330. Generalized statements for the hours its attorneys worked are not enough. Id.

Reviewing the records submitted by Plaintiff shows that much of the work for which it seeks attorney fees was unnecessary, not legal in nature, or insufficiently described as to allow the Court to determine whether it was reasonable. In reviewing fee applications, courts should not award fees for hours that are "excessive, redundant, or otherwise unnecessary." ACLU of Ga., 168

F.3d at 428 (internal citation and quotation omitted). Courts should also deny attorney fees for work that is "purely clerical in nature, such as contacting court reporters, and mailing, filing, and delivering documents…." <u>Montgomery v. Fla. First Fin. Group, Inc.</u>, No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374, at *13 (M.D. Fla. Aug. 12, 2008). The work of a paralegal is "recoverable only to the extent the paralegal performs work traditionally done by an attorney." <u>Miller v. Kenworth of Dothan, Inc.</u>, 117 F. Supp. 2d 1247, 1258 (M.D. Ala. 2000) (internal citation and quotation omitted). Courts should closely scrutinize "block billing," in which an attorney accounts for multiple tasks in a single block of time, because this practice makes it more difficult to determine whether the time spent on each discrete task was reasonable. <u>Ceres Envtl. Servs., Inc. v. Colonel McCrary Trucking, LLC</u>, 476 F. App'x 198, 203 (11th Cir. 2012).

    **A.    Darin L. Brooks – Attorney**

A number of hours submitted for Brooks were not reasonably expended on legal work. On September 11, 2012, Brooks billed 0.3 hours for "Address issues regarding local counsel and strategy" and 0.2 hours for "Confer with potential local counsel." Then, on October 8, 2012, he spent 0.1 hours on "Address local counsel issues." The work on October 8 seems redundant of the work done on September 11, so 0.1 hours will be deducted from Brooks' hours. The Court also finds unnecessary the 0.2 hours Brooks spent on September 10, 2014 in

"Review[ing] summary judgment order granting P66 summary judgment and outlin[ing] next steps." Another attorney had already performed similar work. Multiplying the trimmed time by Brooks' hourly rate results in $67.50 being taken from Plaintiff's requested attorney fees.

### B. John G. George, Jr. – Attorney

The hours submitted for John G. George, Jr. ("George") must also be cut. George provided such scant information for many of his time entries that the Court cannot determine if this work was reasonably necessary for this case and, therefore, refuses to award Plaintiff attorney fees based on this work. On February 16, 2012, George used block billing to describe 1.4 hours supposedly spent on this case and then redacted many of the words describing his work. Because the Court is unable to determine what George was doing, it trims this entry by 1.0 hour. An additional 5.3 hours are eliminated from Plaintiff's claimed hours because the redaction of information in other time entries for George makes it impossible to verify that this work was necessary. The Court also cuts 0.6 hours from December 16, 2013 because George was not doing legal work.[4]

---

[4] The description for George's time entry for July 23, 2013 has only been partially redacted. Because the Court is unable to confirm that all of this work was reasonably necessary, it deducts 0.2 hours for this entry. Other entries have such paltry descriptions that they should be given no credit. They are September 10, 2012 (0.7 hours); September 27, 2012 (0.8 and 0.7 hours); July 22, 2013 (0.2 hours); December 5, 2013 (0.1 hours); January 23, 2014 (0.5 hours); February 21, 2014 (0.1 hours); March 19, 2014 (0.9 hours); and March 20, 2014 (1.1 hours).

The time entries submitted by Plaintiff portray George as having devoted considerable time to "Update collection docket spreadsheet" and related activities.[5] Plaintiff was certainly not collecting money from Defendants during this period. Because the Court fails to see how this time was reasonably spent on this case, it reduces George's claimed hours by 5.0 hours.

The time records submitted by Plaintiff also show redundant entries in which George is described as doing work already done by other attorneys. For example, on September 6, 2012, George used 0.4 hours to "Analyze status of matter and need to secure local counsel in Georgia," and then on September 11, he attributed 0.3 hours to "Analyze options for local counsel in Georgia." In October 2012, he spent 0.3 hours on similar work. This was unnecessary work given what Brooks had already done. Additionally, George spent 1.1 hours in analyzing the transcript of a deposition that was taken by a different attorney in his firm, who also reviewed the transcript. These are clearly redundant tasks, and Plaintiff will not receive attorney fees for this time.

Plaintiff's attorneys, including George, spent excessive time in performing certain tasks, including drafting the complaint, preparing Plaintiff's motion for

---

[5] The specific entries are March 9, 2012 (0.2 hours); March 21, 2012 (0.2 hours); May 1, 2012 (0.2 hours); June 22, 2012 (0.3 hours); October 23-24, 2012 (0.7 hours); January 15, 2013 (0.2 hours); March 7, 2013 (0.2 hours); March 8, 2013 (0.8 hours); May 9, 2013 (0.1 hours); August 22, 2013 (0.1 hours); September 16, 2013 (0.2 hours); January 31, 2014 (0.1 hours); February 11, 2014 (0.1 hours); March 5, 2014 (0.6 hours); March 6, 2014 (0.5 hours); March 12, 2014 (0.1 hours); April 21, 2014 (0.2 hours); July 10, 2014 (0.1 hours); and August 5, 2014 (0.1 hours).

summary judgement, and drafting the Rule 25 motion for substitution of a party. Excluding the signature page, Plaintiff's complaint is only five pages long and only contains three counts. A reasonable time to draft this pleading would be four hours. Excessive time was also spent on writing the motion for summary judgment. This is not a particularly complicated case, and the summary judgment brief should have taken no more than eighteen hours to draft. Likewise the motion to substitute a party, which in this case is less than one and a half pages long, is the sort of routine motion that should take no more than one hour to draft. To account for the unnecessary time spent on these tasks, Plaintiff's claimed hours have been cut by 12.4 hours.[6]

The total time deducted from Plaintiff's claimed hours for George's work is 26.4 hours. Based on George's hourly rate of $175 per hour, $4,620.00 must be deducted from Plaintiff's requested attorney fees.

---

[6] The Court has deducted 1.8 hours from the total time claimed by the attorneys for drafting the motion for summary judgment, 9.3 hours for the motion to substitute a party, and 1.3 hours for the complaint. Because the attorneys working on these tasks were billing at the same hourly rate, itemizing the reductions according to each attorney is unnecessary. The Court was careful not to deduct these hours a second time in the portions of the Order relating to each individual attorney.

## C. Don P. Walker – Attorney

Significant reductions must also be made to the time submitted for Don P. Walker ("Walker"). Some of the hours submitted by Plaintiff for him did not relate to legal work. Thus, the Court cuts 3.6 hours from his billed time.[7]

Additional cuts must be made to Walker's hours for other reasons. He often performed tasks that took an excessive amount of time to accomplish, were redundant to work done by other attorneys, or were otherwise unnecessary.[8] Many of the descriptions of Walker's time entries have been partially or fully redacted, preventing the Court from knowing whether the work was reasonably necessary.[9] The Court will not award Plaintiff attorney fees for Walker's hours

---

[7] The time entries for which attorney fees are not being awarded because they concerned non-legal work include September 12, 2012 (0.3 and 0.4 hours); September 25, 2012 (0.1 hours); October 4, 2012 (0.2 hours); October 8, 2012 (0.2 hours); May 10, 2013 (0.4 hours); June 6, 2013 (0.2 hours); June 7, 2013 (0.1 hours); July 23, 2013 (0.3 hours); July 26, 2013 (0.1 hours); December 28, 2013 (0.1 hours); January 31, 2014 (0.2 hours); February 12, 2014 (0.2 hours); February 28, 2014 (0.3 hours); April 11, 2014 (0.2 hours); and July 29, 2014 (0.3 hours).

[8] The following time has been subtracted from Walker's hours: April 26, 2013 (0.2 hours); July 17, 2013 (0.2 hours); December 11, 2013 (1.3 hours); March 5, 2014 (0.3 and 0.1 hours); and March 21, 2014 (1.3 hours).

[9] The entries with redacted descriptions, along with the time that has been cut, are September 16, 2012 (0.5 hours); September 25, 2012 (0.2 and 1.0 hours); September 26, 2012 (0.2 and 0.1 hours); July 3, 2013 (2.0 hours); July 9, 2013 (1.4, 0.7, and 0.6 hours); July 10, 2013 (3.3 hours); July 17, 2013 (1.7 hours); July 22, 2013 (1.4 hours); September 26, 2013 (0.3 hours); November 14, 2013 (0.4 hours); November 21, 2013 (0.1 hours); December 4, 2013 (1.7 hours); December 5, 2013 (0.6 hours); December 20, 2013 (0.2 hours); December 23, 2013 (0.4 hours); January 13, 2014 (0.6 hours); January 17, 2014 (0.1 hours); January 21, 2014 (0.2 hours); January 23, 2014 (0.7, 0.7, and 0.3 hours); February 7, 2014 (0.8, 0.5, and 0.5 hours); February 20, 2014 (0.3 hours); March 18, 2014 (2.8 hours); March 19, 2014 (0.8 hours); April 7, 2014 (1.0 hours); and May 15, 2014 (0.9 hours).

that cannot be justified as necessary, thus it further reduces Plaintiff's claimed hours relating to Walker's work by 30.4 hours. This cut results in a deduction of $5,950.00 from the amount Plaintiff requests in attorney fees.

### D.     Brian E. Waters – Attorney

Not all of the hours Plaintiff claims for the work done by Brian Waters ("Waters") are reasonable. The Court eliminates 31.9 hours from Waters' billed time because the tasks were redundant of work performed by other attorneys or the redacted descriptions of the time entries do not support an award of attorney fees.[10] Thus, an additional $5,582.50 must be cut from Plaintiff's requested attorney fees.

### E.     Michael Burnham, II – Attorney

Most of what Burnham, Plaintiff's local counsel, did in this case was simply review work by other attorneys or duplicate tasks that had already been done. The Court will not award attorney fees to Plaintiff for the time Burnham spent in these ways. The time submitted for Burnham is reduced by 1.7 hours.[11] Thus, for purposes of attorney fees, the Court will only credit Burnham with 2.5 hours of

---

[10] The entries and times in question are March 18, 2014 (1.0 hours); March 19, 2014 (7.4 hours); March 20, 2014 (1.7 hours); March 21, 2014 (5.1 hours); March 24, 2014 (3.0 hours); May 1, 2014 (1.0 hours); May 2, 2014 (6.0 hours); May 15, 2014 (1.8 hours); and May 30, 2014 (0.7 and 4.2 hours).

[11] The Court eliminates the following time from Burnham's entries: July 15, 2013 (0.45 hours); September 21, 2013 (0.25 hours); and February 24, 2014 (1.0 hours).

work at an hourly rate of $175, which results in a reduction of $717.50 to Plaintiff's requested attorney fees.

### F.  Paralegals

Plaintiff has also requested attorney fees for work done by various paralegals[12] at Beirne, Maynard & Parsons, L.L.P., the firm providing the primary representation for Plaintiff. Much of the work done by the paralegals was non-legal, inadequately described to justify attorney fees, redundant of work done by others, or otherwise unnecessary.[13] Thus, the Court eliminates 35.4 hours from the time submitted by Plaintiff for the paralegals' work, resulting in a reduction of $2,655.00.[14] Having taken all of the preceding deductions into account, the Court awards Plaintiff $41,688.75 in attorney fees.

---

[12] The paralegals are Dale Carlin, Eddie Lucio, Mary Pena, and Leslie Zunker.

[13] For example, much of the paralegals' time was used to "update client status report." Presumably this description refers to contacting Plaintiff to provide a status on the case. While the Court can see how this might qualify as legal work if it were done by an attorney, it certainly is not if done by a paralegal.

[14] The specific time entries and the eliminated time are February 17, 2012 (2.3 hours); March 6, 2012 (2.0 hours); March 7, 2012 (0.3 hours); March 21, 2012 (0.2 hours); June 15, 2012 (0.2 hours); June 20, 2012 (2.1 hours); June 22, 2012 (0.1 hours); July 2, 2012 (0.3 hours); July 25, 2012 (0.1 hours); July 31, 2012 (0.2 hours); August 2, 2012 (0.3 hours); August 8, 2012 (0.7 hours); August 14, 2012 (0.9 and 0.1 hours); September 4, 2012 (0.4 hours); September 11, 2012 (0.1 hours); September 12, 2012 (0.4 hours); September 21, 2012 (0.7 hours); September 26, 2012 (2.5 hours); October 9, 2012 (3.9 hours); October 30, 2012 (0.3 hours); November 2, 2012 (0.1 hours); November 7, 2012 (0.1 hours); November 28, 2012 (0.2 hours); December 21, 2012 (0.1 hours); January 3, 2013 (0.3 hours); January 7, 2013 (0.1 hours); February 11, 2013 (0.1 hours); March 6, 2013 (0.1 hours); April 29, 2013 (0.3 and 0.2 hours); May 13, 2013 (0.2 hours); May 21, 2013 (0.6 hours); June 4, 2013 (0.4 hours); June 12, 2013 (0.8 hours); June 13, 2013 (0.1 hours); July 1, 2013 (0.3 hours); July 10, 2013 (1.4 hours); July 29, 2013 (0.6 hours); September 13, 2013 (0.1 hours); September 24, 2013 (0.1 hours); October 2,

### III. Costs

The Court has also found that, under the terms of the NCIP Agreement, Plaintiff is entitled to an award for its costs in this matter. (See Order, Doc. 44). Having reviewed the information provided by Plaintiff to justify its request for costs, the Court finds its request to be reasonable and awards Plaintiff $2,385.44 in costs and expenses.

### IV. Conclusion

The Clerk of Court is directed to enter judgment in favor of Plaintiff in the amount of $228,541.24, which is the sum for the awards for actual damages, attorney fees, and costs and expenses, with post-judgment interest to run as allowed by law. This case is to be closed.

**SO ORDERED**, this the 24th day of March, 2015.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

scr

---

2013 (0.1 hours); November 18, 2013 (2.1 hours); December 4, 2013 (1.1 hours); December 11, 2013 (0.3 hours); December 18, 2013 (0.3 hours); December 19, 2013 (0.4 and 0.3 hours); December 27, 2013 (0.2 hours); December 30, 2013 (0.2 hours); January 6, 2014 (0.7 hours); January 16, 2014 (0.3 hours); January 27, 2014 (1.1 hours); January 28, 2014 (0.1 hours); January 31, 2014 (0.2 hours); February 24, 2014 (0.2 hours); March 17, 2014 (0.1 and 0.3 hours); March 27, 2014 (0.2, 0.2, and 1.1 hours); April 1, 2014 (0.2 hours); April 8, 2014 (0.4 hours); April 16, 2014 (0.1 hours); May 5, 2014 (0.2 hours); June 11, 2014 (0.5 hours); June 26, 2014 (0.1 hours); and July 29, 2014 (0.1 hours).